**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

------------------------------------------------------------------X    Case No. 18-cv-03465

TANEA JONES, on behalf of herself individually
and all others similarly situated,

                              Plaintiff,

                                              **CLASS ACTION**
    -against-                                **COMPLAINT**

ASSET RECOVERY SOLUTIONS, LLC,

                              Defendant.
------------------------------------------------------------------X

        Plaintiff, by and through her attorneys, FAGENSON & PUGLISI, PLLC, upon knowledge as to herself and her own acts, and as to all other matters upon information and belief, brings this complaint against above-named defendant and in support thereof alleges the following:

## INTRODUCTION

        1.      This is an action for damages brought by an individual consumer and on behalf of classes and subclass for defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* which prohibits debt collectors from engaging in abusive, deceptive and unfair acts and practices.

        2.      Further, this is an action for damages and injunctive relief brought by an individual consumer against defendant pursuant to New York General Business Law ("NYGBL") § 349 regarding defendant's deceptive acts and practices.

## JURISDICTION AND VENUE

3. This Court has federal question jurisdiction pursuant to the FDCPA, 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331 and supplemental jurisdiction exists over the NYGBL § 349 claims pursuant to 28 U.S.C. § 1367.

4. This Court has venue pursuant to 28 U.S.C. § 1391(b) in that plaintiff resides in this District and a substantial portion of the events or omissions giving rise to this action occurred in this District.

## PARTIES

5. Plaintiff is a natural person who resides in this District.

6. Plaintiff is a consumer within the meaning of 15 U.S.C. § 1692a(3) as she is a natural person who is alleged by defendant to owe a financial obligation.

7. The financial obligation which defendant sought to collect from plaintiff is a debt within the meaning of 15 U.S.C. § 1692a(5) in that the obligation which defendant sought to collect from plaintiff is an allegedly defaulted credit card account originally owned by First Premier Bank and whose balance was incurred for personal, family or household purposes.

8. Plaintiff is a reasonable consumer within the meaning of NYGBL § 349 who acted reasonably under the circumstances alleged herein.

9. Defendant is a debt collector within the meaning of 15 U.S.C. § 1692a(6).

10. The principal purpose of defendant's business is the collection of defaulted consumer debts.

11. Defendant uses the mails in its business the principal purpose of which is the collection of defaulted consumer debts.

12. Defendant regularly collects or attempts to collect defaulted consumer debts owed or due or alleged to be owed or due to others.

13. Upon information and belief, defendant is a foreign limited liability company organized under the laws of the State of Illinois.

## FACTUAL ALLEGATIONS

14. Plaintiff re-alleges paragraphs 1-13 as if fully re-stated herein.

15. Defendant sent a collection letter dated June 14, 2017 to plaintiff.

16. This letter was the first written communication concerning the debt which defendant sent to plaintiff.

17. This letter was the first communication concerning the debt which defendant sent to plaintiff.

18. Defendant sent no letter to plaintiff within five days after the date on which defendant sent the letter dated June 14, 2017.

19. In the letter, defendant informed plaintiff that her account had been referred to defendant for collection.

20. Further, in the letter, defendant stated that the total current balance was $1,096.48

21. Defendant also stated in the letter, in pertinent part:

"The account balance may periodically increase due to the addition of accrued interest as provided in your agreement with the original creditor or as otherwise provided by law."

22. Defendant's said statement concerning interest is false, deceptive and misleading.

23. Subsequent to the alleged default, First Premier Bank wrote off the balance of the debt as a bad debt.

24. First Premier Bank wrote off the debt as a bad debt no later than in April 2015.

25. Upon writing off the debt as a bad debt, First Premier Bank ceased sending periodic billing statements to plaintiff.

26. Upon writing off the debt as a bad debt, First Premier Bank ceased adding interest to the debt balance.

27. Upon writing off the debt as a bad debt, First Premier Bank waived the addition of interest to the debt balance.

28. The debt balance which First Premier Bank wrote off was $1,096.48.

29. Plaintiff's debt balance did not increase after the date First Premier Bank wrote off the debt.

30. Plaintiff's debt balance would not increase due to interest after the date First Premier Bank wrote off the debt.

31. There was no chance the debt balance would increase due to interest after the date First Premier Bank wrote off the debt because First Premier Bank waived the addition of interest after the date of the write-off.

32. Plaintiff's debt balance did not increase from April 2015 to June 14, 2017, the date of defendant's collection letter to plaintiff.

33. Defendant's letter caused plaintiff to believe that the balance of her alleged debt would now begin to increase periodically because of the addition of interest.

34. Plaintiff's belief was erroneous because her debt balance was not in fact accruing interest.

35. Plaintiff obtained a copy of her credit report.

36. First Premier Bank reported a tradeline for the debt on said credit report.

37. First Premier Bank reported on the credit report that the debt balance as of January 6, 2018 was still $1,096.

38. In addition, defendant's said collection stated, in pertinent part:

"If you notify this office in writing within 30 days from receiving this notice, that the debt or any portion thereof is disputed, this office will obtain verification of the debt or obtain a copy of a judgment and mail a copy of such judgment or verification."

39. Defendant's said improper statements in its collection letter caused plaintiff to suffer stress, emotional anxiety, confusion, agitation and irritation.

## AS AND FOR A FIRST CAUSE OF ACTION

*Improper statement that account balance may
periodically increase due to addition of accrued interest*

15 U.S.C. §§ 1692e and 1692e(2)(A)

40. Plaintiff re-alleges paragraphs 1-39 as if fully re-stated herein.

41. Defendant's statement in its collection letter that plaintiff's account balance may periodically increase due to the addition of accrued interest is false, deceptive and misleading.

42. On the date defendant sent its collection letter, plaintiff's account was not accruing interest.

43. During the entire time the debt was placed with defendant for collection, plaintiff's debt balance remained at $1,096.48.

44. During the almost three years following First Premier Bank's write-off of the debt balance in April 2015, to January 2018, the balance remained at $1,096.48.

45. Defendant included the statement about the accrual of interest in collection letters concerning debts whose balances were not accruing interest.

46. Defendant included the statement about the accrual of interest in collection letters concerning debts whose balances would not increase periodically because of accrued interest.

47. Defendant included the statement about the accrual of interest to trick plaintiff into quickly paying the debt before the balance increased due to interest.

48. Defendant included the statement about the accrual of interest to trick the least sophisticated consumer into quickly paying the debt before the balance increased due to interest.

49. Defendant's inclusion of the statement about the accrual of interest in the collection letter to plaintiff is therefore a false representation of the character and amount of the debt, in violation of 15 U.S.C. § 1692e(2)(A).

50. Defendant's inclusion of the statement about the accrual of interest in the collection letter to plaintiff constitutes a false, deceptive and misleading representation or means used to collect or attempt to collect a debt, in violation of 15 U.S.C. § 1692e.

### AS AND FOR A SECOND CAUSE OF ACTION

*Failure to inform plaintiff that defendant would mail verification or judgment to her*

15 U.S.C. §§ 1692e and 1692g(a)(4)

51. Plaintiff re-alleges paragraphs 1-50 as if fully re-stated herein.

52. The collection letter also states, in relevant part:

"If you notify this office in writing within 30 days from receiving this notice, that the debt or any portion thereof is disputed, this office will obtain verification of the debt or obtain a copy of a judgment and mail a copy of such judgment or verification."

53. Section 1692g(a)(4) requires that the debt collector inform the consumer that "if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed *to the consumer* by the debt collector." (Emphasis added).

54. Defendant's collection letter does not inform plaintiff or the least sophisticated consumer that upon timely dispute of the debt, defendant will mail verification or a copy of a judgment *to the consumer*.

55. Plaintiff did not know that defendant had a duty to mail verification or a copy of a judgment to her if she timely disputed the debt.

56. The least sophisticated consumer would not know, upon reading defendant's letter, that defendant had a duty to mail verification or a copy of a judgment to her if she timely disputed the debt.

57. Defendant's letter therefore violates 15 U.S.C. § 1692g(a)(4).

58. Defendant's failure to inform the consumer that defendant had a duty to mail verification or a copy of a judgment to the consumer also constitutes a false, deceptive and misleading representation or means used by defendant in connection with the collection of a debt, and is in violation of 15 U.S.C. § 1692e.

## AS AND FOR A THIRD CAUSE OF ACTION

## NYGBL § 349

59. Plaintiff re-alleges paragraphs 1 to 58 as if fully re-stated herein.

60. Each of the deceptive acts and practices above-mentioned was committed by defendant in the conduct of a business, trade or commerce or the furnishing of a service in New York State and constitutes a violation of NYGBL § 349.

61. Defendant's deceptive acts and practices were consumer-oriented, in that defendant is a collector of consumer debts incurred principally or wholly by natural persons.

62. The collection letter dated June 14, 2017 which defendant sent to plaintiff is a mass-mailed form letter used by defendant.

63. The said collection letter dated June 14, 2017 is derived from a form of letter used by defendant.

64. The said collection letter dated June 14, 2017 is derived from a letter template used by defendant.

65. Each year defendant sends to hundreds of consumers within New York State its collection letters containing the statement about the accrual of interest, notwithstanding the fact that no interest was accruing on the debt balances, similar to the letter defendant sent to plaintiff.

66. Defendant's said statement was consumer-oriented.

67. At all material times, defendant sent the collection letter concerning debts whose balances would not periodically increase because of the accrual of interest.

68. Plaintiff is a reasonable consumer within the meaning of the NYGBL and acted reasonably under the circumstances of this case.

69. Defendant's letter caused plaintiff to believe that the balance of her alleged debt would increase periodically because of the accrual of interest.

70. Defendant's letter would cause the reasonable consumer to believe that the balance of her alleged debt would increase periodically because of the accrual of interest.

71. Plaintiff's belief was erroneous because her debt balance was not in fact accruing interest and would not periodically increase due to interest.

72. Further, defendant's collection letter improperly failed to inform plaintiff that defendant had a duty to mail to her verification of the debt or a copy of a judgment.

73. Defendant's said improper statements in its collection letter caused plaintiff to suffer stress, emotional anxiety, confusion, agitation and irritation.

74. Defendant's said statements were therefore misleading and deceptive in a material way.

75. Defendant violated NYGBL § 349(a) and is liable to plaintiff under NYGBL § 349(h).

## CLASS ALLEGATIONS

76. Plaintiff re-alleges paragraphs 1-75 as if fully re-stated herein.

77. This action is brought on behalf of plaintiff and the members of a two classes and subclasses. The classes consist of all persons who defendant's records reflect were sent debt collection letters within the State of New York within the period of time commencing one year before the filing of this complaint up to and including the date of the filing of the complaint and who were sent a collection letter (a) in substantially the same form as the letter defendant sent to plaintiff dated June 14, 2017; (b) the collection letter was sent to a consumer seeking payment of a consumer debt; (c) the collection letter was not returned by the postal service as undelivered; and (d) the letter contained aforesaid violations of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692g(a)(4). The classes and subclasses do not include defendant or persons who are officers, directors or employees of defendant.

78. Class A ("the Interest Class") shall be defined as follows:

*All natural persons with addresses within the State of New York to whom defendant sent a letter in an attempt to collect a charged-off First Premier Bank credit card debt, which letter states, in sum or substance, that the account balance may periodically increase due to the addition of accrued interest, during the period from one year before the filing of the complaint to the date of the filing of the complaint inclusive, and which letter was not returned by the postal service as undeliverable.*

79. Subclass A shall be defined as follows:

*All natural persons with addresses within the County of Kings, State of New York to whom defendant sent a letter in an attempt to collect a charged-off First Premier Bank credit card debt, which letter states, in sum or substance, that the account balance may periodically increase due to the addition of accrued interest, during the period from one year before the filing of the complaint to the date of the filing of the complaint inclusive, and which letter was not returned by the postal service as undeliverable.*

80. Class B ("the Validation Class") shall be defined as follows:

*All natural persons with addresses within the State of New York to whom defendant sent a letter in an attempt to collect a charged-off First Premier Bank credit card debt, which letter states, in sum or substance, "if you notify this office in writing within 30 days from receiving this notice, that the debt or any portion thereof is disputed, this office will obtain verification of the debt or obtain a copy of a judgment and mail a copy of such judgment or verification" during the period from one year before the filing of the complaint to the date of the filing of the complaint inclusive, and which letter was not returned by the postal service as undeliverable.*

81. Subclass B shall be defined as follows:

*All natural persons with addresses within the County of Kings, State of New York to whom defendant sent a letter in an attempt to collect a charged-off First Premier Bank credit card debt, which letter states, in sum or substance, "if you notify this office in writing within 30 days from receiving this notice, that the debt or any portion thereof is disputed, this office will obtain verification of the debt or obtain a copy of a judgment and mail a copy of such judgment or verification" during the period from one year before the filing of the complaint to the date of the filing of the complaint inclusive, and which letter was not returned by the postal service as undeliverable.*

82. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

    (A) Based on the fact that the collection letter that is the gravamen of this litigation is a mass-mailed form letter, the class is so numerous that joinder of all members is impracticable. Upon information and belief, hundreds of persons have received similar debt collection letters from defendant which violate the various provisions of the FDCPA.

  (B) There are questions of law and fact common to the classes and these questions predominate over any questions affecting only individual class members. The principal questions presented by this claim is whether defendant violated the FDCPA by including in its subject collection letters the statement that the account balance may periodically increase due to the addition of accrued interest, and by failing to state in its subject collection letters that it would mail the validation to the consumer.

  (C) The only individual issue is the identification of the consumers who received the letters (the class members), a matter capable of ministerial determination from the records of defendant.

  (D) The claims of plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

  (E) Plaintiff will fairly and adequately represent the class members' interests. Plaintiff has retained experienced counsel. Plaintiff's interests are consistent with those of the members of the classes.

83. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA in 15 U.S.C. § 1692k. The members of the classes are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

84. If the facts are discovered to be appropriate, plaintiff will seek to certify a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

85. Communications from debt collectors, such as those sent by defendant, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer".

86. As a result of the above violations, defendant is liable to plaintiff and the members of the classes for damages in an amount to be determined at the time of trial, plus costs and attorneys' fees.

WHEREFORE, plaintiff respectfully prays that judgment be entered against defendant as follows:

(a) certifying a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure;

(b) awarding class members the maximum statutory damages pursuant to 15 U.S.C. § 1692k;

(c) awarding plaintiff the maximum statutory damages pursuant to 15 U.S.C. § 1692k;

(d) awarding actual damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at time of trial;

(e) awarding reasonable attorneys' fees, costs and disbursements pursuant to 15 U.S.C. § 1692k;

(f) enjoining defendant from committing further deceptive and misleading acts and practices against plaintiff, pursuant to NYGBL § 349;

(g) awarding actual damages pursuant to NYGBL § 349 in an amount to be determined at time of trial;

(h) awarding, in the alternative to (g), statutory damages pursuant to NYGBL § 349 in an amount to be determined at time of trial;

(i) awarding reasonable attorneys' fees, costs and disbursements pursuant to NYGBL § 349(h); and

(j) for such other and further relief as may be just and proper.

### DEMAND FOR TRIAL BY JURY

Plaintiff requests trial by jury on all issues so triable.

Dated: New York, New York
June 13, 2018.

                                              /s/ Novlette R. Kidd
NOVLETTE R. KIDD, ESQ. (NK 9339)
FAGENSON & PUGLISI, PLLC
Attorneys for Plaintiff
450 Seventh Avenue, Suite 704
New York, New York 10123
Telephone: (212) 268-2128
Nkidd@fagensonpuglisi.com